United States District Court
Northern District of California

1
2
3
4          IN THE UNITED STATES DISTRICT COURT
5        FOR THE NORTHERN DISTRICT OF CALIFORNIA
6

7   DAVID B. KETROSER,                    Case No. 19-cv-05231-MMC
8              Plaintiff,
                                          **ORDER GRANTING MOTION TO**
9        v.                               **SUBSTITUTE; DISMISSING FIRST,**
                                          **THIRD, AND FIFTH CAUSES OF**
10  7-ELEVEN, INC., et al.,               **ACTION; DIRECTIONS TO MOVANT**
11             Defendants.

12

13        Before the Court is Diedre Kellog Ketroser's ("Ms. Kellogg Ketroser") "Motion to

14  Substitute," filed February 7, 2020.  Defendants have filed opposition, to which Ms.

15  Kellogg Ketroser has replied.  Having read and considered the papers filed in support of

16  and in opposition to the motion, the Court deems the matters appropriate for

17  determination on the written submissions, VACATES the hearing scheduled for March

18  20, 2020, and rules as follows:

19        On August 21, 2019, plaintiff David B. Ketroser ("Dr. Ketroser") filed a complaint

20  consisting of five causes of action.  On November 7, 2019, Dr. Ketroser passed away,

21  and on November 25, 2019, a statement noting his death was filed.  Thereafter, on

22  February 7, 2020, Ms. Kellogg Ketroser, Dr. Ketroser's widow and the personal

23  representative of his estate, filed the instant motion, whereby she seeks an order

24  substituting herself as plaintiff in the Second Cause of Action, which asserts a claim for

25  damages under the California Disabled Persons Act, and the Fourth Cause of Action,

26  which asserts a claim for damages under the Unruh Civil Rights Act.[1]

27

28        _____
          [1] Ms. Kellogg Ketroser does not seek to substitute as to the First, Third, and Fifth

Under Rule 25 of the Federal Rules of Civil Procedure, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). Here, Dr. Ketroser's Second and Fourth Causes of Action were not extinguished by his death, see Kalani v. Starbucks Coffee Co., 698 Fed. Appx. 883, 885 (9th Cir. 2017) (holding claim for statutory damages was not extinguished by plaintiff's death), and Ms. Kellogg Ketroser, the "personal representative of David B. Ketroser's estate as named in his will" and as authorized by a Minnesota probate court (see Kellogg Ketroser Decl. ¶ 3; Kellogg Ketroser Decl. Ex. B), is a proper party for substitution under Rule 25, see Mallonee v. Fahey, 200 F.2d 918, 919 (9th Cir. 1952) (holding Rule 25(a)(1) applies to substitution of "legal representatives"). Accordingly, Ms. Kellogg Ketroser's motion to substitute as plaintiff will be granted, and said movant will be directed to file an amended complaint in which she is substituted as plaintiff in the Second and Fourth Causes of Action.

As to the remaining causes of action, it is undisputed that those claims were extinguished upon Dr. Ketroser's death. See Kennerly v. United States, 721 F.2d 1252, 1260 (9th Cir. 1983) (holding death of plaintiff renders claim for injunctive relief moot). Accordingly, the First, Third, and Fifth Causes of Action will be dismissed.

Lastly, defendants, noting the First Cause of Action, Dr. Ketroser's sole federal claim, has been extinguished, argue the Court should decline to exercise supplemental jurisdiction over the state law claims and, pursuant to 28 U.S.C. § 1367(c), dismiss the entirety of the instant action in favor of its proceeding in state court. In response, Ms. Kellogg Ketroser states that if she is allowed to substitute as plaintiff, she will move to file an amended complaint asserting her own federal claim based on essentially the same circumstances as those giving rise to Dr. Ketroser's claims. In light of Ms. Kellogg Ketroser's anticipated motion, the Court will defer deciding whether it should retain jurisdiction over the currently pending state law claims.

---

Causes of Action, which seek only injunctive relief.

**CONCLUSION**

For the reasons stated above:

1. Ms. Kellogg Ketroser's motion to substitute as plaintiff is hereby GRANTED.  No later than March 23, 2020, Ms. Kellogg Ketroser shall file an amended complaint reflecting said substitution and making no other changes.

2. The First, Third, and Fifth Causes of Action are hereby DISMISSED as moot.

3. If Ms. Kellogg Ketroser elects to bring her own claims, she shall, after filing the above-referenced amended complaint and no later than April 2, 2020, move to file an amended complaint in which she asserts those additional causes of action.

**IT IS SO ORDERED.**

Dated: March 13, 2020

MAXINE M. CHESNEY
United States District Judge