ALLACCESS LAW GROUP
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for DEIDRE KELLOGG KETROSER, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEIDRE KELLOGG KETROSER, as Personal Representative of the estate of DAVID B. KETROSER,<br><br>Plaintiff,<br><br>vs.<br><br>7-ELEVEN, INC. et al.,<br><br>Defendants. | Case No. 3:19-cv-05231-MMC<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed Concurrently with Declaration of Irakli Karbelashvili, and [Proposed] Order]*<br><br>Date:        May 8, 2020<br>Time:        9:00 a.m.<br>Location:    Courtroom 7, 19th Floor<br>Assigned to: Hon. Maxine M. Chesney |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 8, 2020 at 9:00 a.m. or as soon thereafter as the matter may be heard in the Courtroom of Hon. Maxine M. Chesney located at San Francisco Courthouse, Courtroom 7 – 19th Floor 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Deidre Kellogg Ketroser ("Plaintiff") will move for leave to file the Second Amended Complaint lodged concurrently herewith.

This Motion will be made pursuant to Federal Rule of Civil Procedure 15 and this Court's March 13, 2020 Order on the ground that the proposed amendment will not cause undue prejudice to Defendants and is sought in good faith without undue delay.

Plaintiff seeks leave to amend her complaint in order to bring her own claims against Defendants 7-Eleven, Inc. and Southland Corp. for violations of Title III of the ADA and supplemental California law.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Irakli Karbelashvili in Support of Motion for Leave to File Second Amended Complaint and proposed Second Amended Complaint, as well such oral and documentary evidence as may be presented at the hearing of the motion.

Respectfully submitted,

Dated: 4/2/2020                                    ALLACCESS LAW GROUP

By: /*s/ Irakli Karbelashvili*
Irakli Karbelashvili, Attorney for
Plaintiff DEIDRE KELLOGG
KETROSER

---

Notice of Motion and Motion for Leave to File Second Amended Complaint; Memorandum of
Points & Authorities in Support Thereof
Case No. 3:19-cv-05231-MMC
ii

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... IV

INTRODUCTION ..................................................................................................................... 1

BACKGROUND ....................................................................................................................... 2

STANDARDS ........................................................................................................................... 4

ARGUMENT ............................................................................................................................. 5

   A.   PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND THE COMPLAINT TO ADD HER OWN CLAIMS AGAINSTS DEFENDANTS. ........................................... 5

      1.   Defendants Will Suffer No Prejudice. ................................................................ 5

      2.   The Motion is Timely. ........................................................................................ 7

      3.   Plaintiff is not Acting in Bad Faith. .................................................................... 7

      4.   The Amendment is not Futile. ............................................................................ 7

   B.   THE COURT SHOULD RETAIN SUPPLEMENTAL JURISDICTION OVER THE ESTATE'S STATE-LAW CLAIMS. ............................................................................. 9

      1.   Jurisdiction is Appropriate under 28 U.S.C. 1367 (c). ..................................... 10

      2.   Judicial Economy, Convenience and Fairness to Litigants Are Not Served by Dismissing the State-Law Claims. ................................................................... 12

CONCLUSION ....................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Alber v. Ill. Dep't of Mental Health & Developmental Disabilities,*
   786 F. Supp. 1340 (N.D. Ill. 1992) ....................................................................................... 13

*Baker v. Palo Alto University, Inc.,*
   2014 WL 631452 (N.D. Cal. 2014) ...................................................................................... 13

*Bowles v. Reade,*
   198 F.3d 752 (9th Cir. 1999) ............................................................................................. 5, 7

*Brown v. HTR Props. LLC,*
   No. 3:17-cv-00829-WHO, 2017 U.S. Dist., Dkt. 87 (N.D. Cal. July 19, 2018) ........................ 13

*Castillo-Antonio v. Hernandez,*
   No. 19-cv-00672-JCS, 2019 U.S. Dist. LEXIS 108962 (N.D. Cal. June 28, 2019) ........... 11, 12

*Chapman v. Pier 1 Imps. (U.S.) Inc.,*
    631 F.3d 939 (9th Cir. 2011). ............................................................................................ 8, 9

*Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.,*
   867 F.3d 1093 (9th Cir. 2017) ................................................................................................ 8

*Cullen v. Netflix, Inc.,*
   No. l 11-CV-01199-EJD, 2011 U.S. Dist. LEXIS 161896 (N.D. Cal. May 24, 2011) ............. 14

*DCD Programs, Ltd. v. Leighton,*
   833 F.2d 183 (9th Cir. 1987) ..................................................................................... 4, 5, 6, 8

*Doran v. 7-Eleven, Inc.,*
   524 F.3d 1034 (9th Cir. 2008) ................................................................................................ 9

*Eminence Capital, LLC v. Aspeon, Inc.,*
   316 F3d 1048 (9th Cir. 2003) ............................................................................................ 4, 6

*FilmTechCorp. v. Hydranautics,*
   67 F.3d 931 (Fed. Cir. 1995) ................................................................................................... 5

*Foman v. Davis,*
   371 U.S. 178 (1962) .................................................................................................... 4, 5
*Graf v. Elgin, J. & E. R. Co.,*
   790 F.2d 1341 (7th Cir. 1986) ......................................................................................... 12
*Griggs v. Pace American Group, Inc.*
   170 F.3d 877 (9th Cir. 1999). .......................................................................................... 7
*Howey v. United States*,
   481 F.2d 1187 (9th Cir. 1973) ......................................................................................... 5
*Johnson v. Mariani*,
   No. 17-cv-01628-BLF, 2017 U.S. Dist. LEXIS 106203 (N.D. Cal. July 10, 2017) ................. 13
*Johnson v. Morning Star Merced, Ltd. Liab. Co.,*
   No. 1:18-CV-0558 AWI EPG, 2018 U.S. Dist. LEXIS 157428 (E.D. Cal. Sep. 14, 2018); .... 12
*Johnson v. Overlook At Blue Ravine, Ltd. Liab. Co.,*
   No. 2:10-CV-02387 JAM-DAD, 2012 U.S. Dist. LEXIS 102056 (E.D. Cal. July 20, 2012)(... 8
*Lema v. Comfort Inn, Merced*,
   1:10-cv-00362-SMS, 2012 U.S. Dist. LEXIS 42170, 2012 WL 1037467 (E.D. Cal. Mar. 27,
   2012) ................................................................................................................................ 8
*Lerma v. NTT McKee Retail Ctr., LLC,*
   No. 5:11-CV-02161-LHK, 2011 U.S. Dist. LEXIS 120414 (N.D. Cal. Oct. 18, 2011) ........... 13
*Lone Star Ladies Invest. Club v. Schlotzsky's Inc.,*
   238 F.3d 363 (5th Circuit 2001) ........................................................................................ 4
*Martinez v. Newport Beach City,*
   125 F.3d 777 (9th Cir. 1997) ............................................................................................ 5
*Moore v. Baker*,
   989 F.2d 1129 (11th Cir. 1993) ........................................................................................ 4
*Pickern v. Holiday Quality Foods Inc.,*
   293 F.3d 1133 (9th Cir. 2002) ......................................................................................... 9

*Qualcomm Inc. v. Motorola, Inc.*,
  989 F. Supp. 1048 (S.D. Cal. 1997) ................................................................... 5, 6

*Ramirez v. Fulton Mkt. Place S.C., L.P.*,
  No. C 15-03793 WHA, 2016 U.S. Dist. LEXIS 114990 (N.D. Cal. Aug. 26, 2016); ........... 13

*San Pedro Hotel Co., Inc. v. City of L.A.*,
  159 F.3d 470 (9th Cir. 1998). ........................................................................... 10

*See Exec. Software N. Am., Inc. v. U.S. Dist. Court*,
  24 F.3d 1545 (9th Cir. 1994). ........................................................................... 12

*Smith v. Costa Lines, Inc.*,
  97 F.R.D. 451 (N.D. Cal. 1983) ......................................................................... 5

*Union Pac. R.R. Co. v. Nevada Power Co.*,
  950 F.2d 1429 (9th Cir. 1991) .......................................................................... 5

*United Mine Workers v. Gibbs*,
  383 U.S. 715, 726 86 S. Ct. 1130 (1966) .......................................................... 11

*United States v. Corinthian Colleges*,
  655 F.3d 984 (9th Cir. 2011) . .......................................................................... 5

*Whitaker v. Ohanessian*,
  No. 19-cv-07183-SK, 2020 U.S. Dist. LEXIS 3021 (N.D. Cal. Jan. 8, 2020). ............... 12

**Statutes**

28 U.S.C. 1367 (c)(4) ......................................................................................... 12

**Treatises**

Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial*, § 8:1522 (The Rutter Group 2014) ........................................................... 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The late plaintiff David B. Ketroser (hereinafter alternatively, "Dr. Ketroser") commenced this action on August 21, 2019. The initial complaint alleged claims for disability discrimination under the Americans with Disabilities Act Titles III; and for supplemental State law claims. On October 28, 2019 7-Eleven, Inc. and Southland Corp. (collectively, "Defendants") filed their answer to the complaint. *See* ECF No. 10. On November 7, 2019 Dr. Ketroser passed away due to reasons unrelated to this action. On November 25, 2019 a suggestion of death was filed with the Court. *See* ECF No. 19.

On February 7, 2020 Deidre Kellogg Ketroser ("Ms. Kellogg Ketroser"), Dr. Ketroser's widow and estate representative, filed a Motion to Substitute pursuant to Fed. R. Civ. P. 25(a). On March 13, 2020 the Court granted the Motion and allowed Ms. Kellogg Ketroser to be substituted in as plaintiff for Dr. Ketroser's state law claims for damages. *See* ECF No. 23. The Court directed Ms. Kellogg Ketroser to file an amended complaint reflecting this substitution by no later than March 23, 2020 and allowed Ms. Kellogg Ketroser to file a motion for leave to amend the complaint, if she chooses to bring her own claims against Defendants, by no later than April 2, 2020. *Id*. 3:3-9. In light of the anticipated motion for leave to file a second amended complaint, the Court deferred on deciding whether the Court should retain jurisdiction of the state law claims. *Id.*, 2:24-26. On March 22, 2020 Ms. Kellogg Ketroser filed her First Amended Complaint. *See* ECF No. 24.

Through this motion, Ms. Kellogg Ketroser seeks leave to file her Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure, Rule 15(a)(2). The proposed SAC attached to Declaration of Irakli Karbelashvili as Exhibit "A" substantively adds Ms. Kellogg Ketroser's own claims for injunctive relief under Title III of the ADA and the California Unruh Civil Rights Act. Ms. Kellogg Ketroser does not seek any damages in her individual capacity against Defendants. All amendments sought are highlighted for the purpose of identification and appear on the proposed amended complaint.

Notice of Motion and Motion for Leave to File Second Amended Complaint; Memorandum of
Points & Authorities in Support Thereof
Case No. 3:19-cv-05231-MMC

1

# BACKGROUND

Dr. Ketroser was a physically disabled person in accordance with federal and state law. Namely, Dr. Ketroser was afflicted with Multiple Sclerosis since 1973. *See* ECF No. 24, ¶ 7. Dr. Ketroser was unable to independently stand or walk and required the used a wheelchair for mobility. *Id.* Dr. Ketroser was unable, due to his physical disabilities, to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate disabled persons who require a wheelchair for mobility. *Id.* Dr. Ketroser possessed a disabled parking placard issued by the State of Minnesota. *Id.* Dr. Ketroser was a resident of Minneapolis, Minnesota and visited family in East Bay, California frequently. *Id.* Namely, Dr. Ketroser visited his son and grandson about every 6 weeks. *Id*. When visiting his family, Dr. Ketroser almost always stayed at the Hyatt in San Ramon which is about two blocks away from the subject public accommodation. *Id.*

Dr. Ketroser visited the subject property and attempted to enter inside the Store owned/operated by Defendants on or about December 13, 2018 and on or about February 15, 2019. *Id*., ¶ 13. Dr. Ketroser, however, was denied access to the Store because various structural accessibility barriers at the Store. *Id*. These barriers made it impossible for Dr. Ketroser to enjoy the goods and services offered at the Store on a full and equal basis with able-bodied patrons. *Id*.

On or about December 13, 2018 Dr. Ketroser attempted to visit the Store hoping to purchase a soda and cookies but left without entering because the unmarked parking reserved for disabled patrons left Dr. Ketroser possibly unable to leave and re-enter his wheelchair van if someone parked alongside his vehicle. *Id*., ¶ 14. Moreover, the curb ramp extended into the parking stall's access aisle which poses an unreasonable risk of harm to Dr. Ketroser and other disabled patrons. *Id*.

On or about January 22, 2019 Dr. Ketroser wrote a letter to Defendant 7-ELEVEN, INC. describing his accessibility difficulties when he attempted to shop at the Store on December 13, 2018. *Id.,* ¶ 15. On or about February 19, 2019 Defendant 7-ELEVEN, INC.'s counsel, Michael Orr, responded by letter to the January 22, 2019 letter. *Id.* Mr. Orr requested additional

information pertaining to Dr. Ketroser's disability, the difficulties that he had accessing the Store, and why Dr. Ketroser even attempted to visit the Store to begin with. *Id.* Plaintiff responded by email the same day. *Id.*

On February 15, 2019 Dr. Ketroser returned to the Store only to see that his concerns were not addressed. *Id.,* ¶ 16. The Store was still not accessible to Dr. Ketroser because the barriers encountered during his December 13, 2018 visit were still present. *Id.* Consequently, Dr. Ketroser did not enter inside the Store. *Id.*

Before filing this lawsuit, Dr. Ketroser's legal representative also had a CASp-certified access consultant, Bassam Altwal, do an informal investigation of the subject public accommodation on or about August 15, 2019. While Mr. Altwal could not make detailed measurements, he determined that the Store remained inaccessible including, but not limited to, the following:

- No path of travel from public right of way
- No van accessible parking
- Curb ramp encroaches into parking
- Curb ramp flared sides slope over 10%
- No path connecting buildings on same site designated
- Path has vertical elevation over 3"
- No ADA sign on left parking stall
- No $250 penalty sign on right ADA stall
- Path of travel from parking to front door has severe cross slope over 2%
- Front door heavy
- Front door extremely fast closing
- No interior path to lotto counter due to merchandise
- Cashier counter high
- Reach ranges for multiple self-service items are over 48" high.

*See* ECF No. 1, ¶ 17.

On November 7, 2019, Dr. Ketroser died while residing in Minneapolis, Minnesota. *See* ECF No. 20-1, ¶ 2. Ms. Kellogg Ketroser was appointed the representative of Dr. Ketroser's Estate. *Id.*, ¶ 3. On February 7, 2020, Ms. Kellogg Ketroser filed a Motion to Substitute in accordance with Fed. R. Civ. P. 25(a). *See* ECF No. 20. The Motion was granted and Ms. Kellogg Ketroser filed a First Amended Complaint ("FAC") reflecting the substitution for Dr. Ketroser's state law damages claims. *See* ECF No. 24. The FAC drops all claims for injunctive relief. *Id.* In the Motion to Substitute, Ms. Kellogg Ketroser represented to the Court that she is too is physically disabled, visited the subject premises with Dr. Ketroser prior to the filing of this action, and was also denied full and equal access in violation of the ADA. *See* ECF No. 20-1, ¶¶ 4-10. In the Court's order granting the Motion to Substitute, the Court allowed Ms. Kellogg Ketroser until April 2, 2020 to file a motion for leave to amend the complaint if she intends to bring her individual claims against Defendants. *See* ECF No. 23, ¶ 3.

Accordingly, this Motion is now before the Court.

## STANDARDS

While Federal Rule of Civil Procedure 15 (a)(2) provides that a party may amend its pleading only by leave of court or by written consent of the adverse party, that leave shall be freely given when justice so requires. *See Lone Star Ladies Invest. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 367(5th Circuit 2001) (policy favoring leave to amend "a necessary companion to notice pleading and discovery").

The Supreme Court has emphasized that "this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182 (1962). Similarly, the Ninth Circuit has held that the policy of Rule 15(a) permitting amendments "should be applied with 'extreme liberty'" and does not depend on whether the amendments add new claims or new parties. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F3d 1048, 1051 (9th Cir. 2003); *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993) – "justifying reasons must be apparent for denial of a motion to amend."

In this circuit, courts typically consider four factors in deciding whether to grant a motion for leave to amend a complaint: (1) prejudice to the nonmoving party, (2) undue delay, (3) bad faith, and (4) futility of amendment. *Foman*, at 182; *FilmTechCorp. v. Hydranautics,* 67 F.3d 931, 935-936 (Fed. Cir. 1995); *Martinez v. Newport Beach City,* 125 F.3d 777, 785 (9th Cir. 1997), *rev'd on other grounds by*: *Green v. City of Tucson*, 255 F.3d 1086, 1093.

The most important of these factors is prejudice to the opposing party. *Leighton*, 833 F.2d at 186-187; *Smith v. Costa Lines, Inc.*, 97 F.R.D. 451, 453 (N.D. Cal. 1983) ("prejudice to the opposing party, not the diligence of the moving party, is the crucial factor in determining whether or not to grant leave to amend"). In addition, "delay alone cannot justify denial of leave to amend." *Leighton*, 833 F.2d at 186; *see also Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). The burden is on the party opposing the motion to prove undue prejudice. *Leighton*, 833 F.2d at 186-187. Denial of leave to amend is proper only if the prejudice to the opposing party is so severe that there is a "showing of inability to respond to the proposed amendment." Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial*, § 8:1522 (The Rutter Group 2014); *Qualcomm Inc. v. Motorola, Inc.*, 989 F. Supp. 1048, 1051-52 (S.D. Cal. 1997) ("the prejudice to the opposing party must be substantial"); *Howey v. United States*, 481 F.2d 1187, 1190-92 (9th Cir. 1973) (district court abused its discretion in denying leave to amend *after* commencement of trial in the absence of "undue prejudice"); *United States v. Corinthian Colleges*, 655 F.3d 984, 995-996 (9th Cir. 2011) .

Indeed, absent prejudice, or a strong showing of any of the remaining reasons for denying leave to amend "there exists a presumption under Rule 15(a) in favor of granting leave to amend. *See Aspeon, Inc.*, 316 F.3d at 1052.

## ARGUMENT

### A. <u>PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND THE COMPLAINT TO ADD HER OWN CLAIMS AGAINSTS DEFENDANTS.</u>

**1. Defendants Will Suffer No Prejudice.**

Defendants cannot show that this proposed amendment in this case would unduly prejudice them. Courts frequently grant motions to amend when a moving party brings its motion at the early stage of the litigation before the completion of discovery. *See, e.g., Qualcomm Inc.,* 989 F. Supp. 1048 (granting plaintiff a motion to add new causes of action when the litigation was still in its early stages and the parties had not yet completed discovery); *see also Leighton,* 833 F.2d at 187-188.

Here, the Court has yet to issue a case management order with a deadline to amend pleadings and there has been no discovery up to this point. *See* Karb. Decl. ¶ 3. Specifically, because of the discovery stay imposed by General Order No. 56, the parties have up to this point only been allowed to exchange initial disclosures and take part in a joint site inspection. *See* G.O. No. 56, ¶ 3. Because of David B. Ketroser's death, however, the parties have yet to even conduct the limited discovery allowed by General Order No. 56. *See* Karb. Decl. ¶ 3.

Furthermore, the scope of the injunctive relief that is being sought in the proposed SAC is narrower than what was sought in the initial complaint by David B. Ketroser. *Compare* Karb. Decl., Ex. A, ¶ 20 *with* ECF No. 1, ¶ 17. While Ms. Kellogg Ketroser could have brought this lawsuit initially with her late husband at the outset of this litigation, there was no reason to because Dr. Ketroser's claims for injunctive relief encompassed all of the injunctive relief that Ms. Kellogg Ketroser wishes to now seek in the proposed SAC. Bringing her claims together with her husband at the outset of the litigation would do nothing more than increase costs while resulting in the same remedy.

The proposed SAC also does not assert any claims for damages under California law on behalf of Ms. Kellogg Ketroser. Ms. Kellogg Ketroser's claims are limited strictly to injunctive relief and recovery of reasonable attorneys' fees, costs, and litigation expenses, if deemed to be the prevailing party.

Accordingly, Defendants cannot in good faith argue that they will suffer prejudice. The requirement to make their premises accessible is long overdue since the ADA has been the law since 1990 and related California law has been in effect since the 1970s.

**2. The Motion is Timely.**

There is no undue delay in bringing this motion. This action was filed on August 21, 2019. David B. Ketroser passed away on November 7, 2019 (ECF No. 19) and the Court granted the motion to substitute on March 13, 2020 with a deadline of April 2, 2020 for Ms. Kellogg Ketroser to seek further leave to amend if she elects to bring her own claims. *See* ECF No. 23. Lastly, even if the Court concludes that undue delay is present, undue delay alone is insufficient to justify denial of a motion to amend. Rather, there must be a showing of "prejudice to the opposing party, bad faith by the moving party or futility to amend." *Bowles,* 198 F.3d at 758.

**3. Plaintiff is not Acting in Bad Faith.**

The third factor weighting in favor of granting leave to amend is that Plaintiff has acted in good faith in requesting these amendments. A party acts in bad faith where "the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace American Group, Inc*. 170 F.3d 877, 881 (9th Cir. 1999) Here, Plaintiff is not seeking to prolong the litigation and there are no "new but baseless legal theories." Thus, Plaintiff evinces no bad faith in seeking to amend the complaint.

**4. The Amendment is not Futile.**

Ordinarily, courts do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend. The Ninth Circuit has held that leave to amend should be granted "unless it appears beyond doubt" that the amendment would be futile. *Leighton,* 833 F.2d at 188. A disabled person claiming access discrimination must establish Article III standing to maintain a suit under the ADA. *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). The only remedy available to a private litigant under the ADA is an injunction—so, the plaintiff must prove she suffered an injury-in-fact and that there is a threat of future harm. *Id.* Indeed, demonstrating "past exposure to illegal conduct" alone is insufficient to demonstrate a present case or controversy. Instead, "the plaintiff must allege continuing, present adverse effects stemming from the defendant's actions." *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.,* 867 F.3d 1093, 1098 (9th Cir. 2017) ("CRREC"). There are two ways to demonstrate

standing under the ADA. A plaintiff must show that she has either suffered an "injury-in-fact coupled with an intent to return," or alternatively is deterred from returning to the premises. *Chapman*, 631 F.3d at 944.

### a. Intent to Return

The Ninth Circuit has found that "Although encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes, a plaintiff seeking injunctive relief must additionally demonstrate a sufficient likelihood that he will again be wronged in a similar way." *Chapman*, 631 F.3d at 948 (internal citations and quotations omitted).

To determine whether a plaintiff's likelihood of returning to a place of public accommodation is sufficient to confer standing, courts examine factors such as "(1) the proximity of defendant's business to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Johnson v. Overlook At Blue Ravine, Ltd. Liab. Co.,* No. 2:10-CV-02387 JAM-DAD, 2012 U.S. Dist. LEXIS 102056, at *8 (E.D. Cal. July 20, 2012)(internal quotations omitted)(citing *Lema v. Comfort Inn, Merced*, 1:10-cv-00362-SMS, 2012 U.S. Dist. LEXIS 42170, 2012 WL 1037467 at *5 (E.D. Cal. Mar. 27, 2012).

Here, while Ms. Kellogg Ketroser does not reside in close proximity to the subject property, she has visited the subject property on more than one occasion and plans to return when the premises are made accessible. *See* Karb. Decl., Ex. A, at ¶¶ 9, 19, 29. The proposed SAC also provides a detailed explanation of Ms. Kellogg Ketroser's ties to San Ramon, California. Namely,  Ms. Kellogg Ketroser is frequently in the area because she has family that resides there, whom she visited with Dr. Ketroser as often as every 6 weeks, and she is "…working as an editor with an individual in California regarding a complaint to the California Medical Board. Ms. Kellogg Ketroser meets with this individual usually in the San Ramon area." *Id.*, at ¶¶ 8- 9.

### b. Deterrence

Demonstrating injury-in-fact coupled with an intent to return is but one way for an injured plaintiff to establish Article III standing. "A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant accommodation because he has encountered barriers related to his disability there." *Chapman*, 631 F.3d at 949. The threat of future injury must be sufficiently "imminent" to permit a plaintiff to sue for injunctive relief. *Id.; see also Doran v. 7-Eleven, Inc.,* 524 F.3d 1034, 1040-41 (9th Cir. 2008) (finding that plaintiff suffered an imminent harm because the ADA violations barred him from patronizing a convenience store and plaintiff demonstrated an intent to return annually once the barriers were removed); *Pickern v. Holiday Quality Foods Inc.,* 293 F.3d 1133, 1138 (9th Cir. 2002*)* (holding that plaintiff has standing because the alleged ADA violations prevented plaintiff from shopping at his preferred grocery store, causing plaintiff to suffer an "imminent injury").

Ms. Kellogg Ketroser also alleges that she is deterred from returning to the subject premises because it "…remains not accessible to her…" *Id.*, at ¶ 19. In *Doran,* 524 F.3d at 1040 (9th Cir. 2008) the court found that the plaintiff had standing based on deterrence because plaintiff adequately alleged that he has plans to visit the convenience store at least once a year on his annual trips to Disneyland. In *Pickern,* 293 F.3d at 1135 the court also found that plaintiff had standing based on deterrence because the plaintiff adequately alleged that the grocery store is near his grandmother and he would like to patronize that store when he visits her. Here, Ms. Kellogg Ketroser's detailed description in the proposed SAC of extensive ties to the community, visitation history, and allegations that she is deterred from returning because the subject premises are not accessible to her is likewise adequate to have standing based on deterrence.

Accordingly, the proposed amended complaint is not futile.

### B. THE COURT SHOULD RETAIN SUPPLEMENTAL JURISDICTION OVER THE ESTATE'S STATE-LAW CLAIMS.

In its Order on Plaintiff's Motion to Substitute the Court deferred on deciding whether it should retain jurisdiction over the Estate's California law claims. *See* ECF No. 23, 2:24-26.

Plaintiff anticipates that Defendants will argue in their opposition to this Motion that even if the Court grants Ms. Kellogg Ketroser's request to bring her own claims against Defendants, jurisdiction should be declined over the Estate's claims. As discussed in further detail below, the interests of economy and efficiently do not warrant dismissal of the Estate's California law claims for damages.

### 1. Jurisdiction is Appropriate under 28 U.S.C. 1367 (c)

There are four basic instances under which a Court **may** decline supplemental jurisdiction: (1) the state law claim is novel or complex; (2) the state law claim substantially predominates over the claims over which the Court had original jurisdiction; (3) the district court has dismissed all original jurisdiction claims; or (4) there are exceptional circumstances to justify declining supplemental jurisdiction. A court may decline to exercise supplemental jurisdiction under § 1367(c) "under any one of [the statute's] four provisions." *San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 478-79 (9th Cir. 1998).

#### a. The State Law is Not Novel or Complex

As to the first instance, this is a straightforward ADA access case seeking injunctive relief, damages, and fees. The only unusual part about this case is that the late plaintiff, David B. Ketroser, passed away thereby mooting his injunctive relief claims. The state law claims, however, are in no way novel or complex and this district has found that California's Unruh Act and Disabled Persons Act claims are not "novel or complex" to justify declining jurisdiction in such ADA access case. *See e.g. Castillo-Antonio v. Hernandez*, No. 19-cv-00672-JCS, 2019 U.S. Dist. LEXIS 108962, at *16 (N.D. Cal. June 28, 2019)

#### b. The State Law Claims Do Not Substantially Predominate over the ADA Claim.

State-law claims can "substantially predominate . . . in terms of proof, of scope of issues raised, or of comprehensiveness of remedy sought." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 86 S. Ct. 1130 (1966). Here, the state law claims do not substantially predominate over the claims over which the Court has original jurisdiction. In fact, the opposite is true: Ms.

Kellogg Ketroser's Unruh Act claim is predication on a violation of the Americans with Disabilities Act. *See* Karb. Decl. Karb. Decl., Ex. A, at ¶ 58.

As the court in *Castillo-Antonio* reasoned:

> Though the remedies Plaintiff seeks pursuant to his state-law claims exceed those available under the ADA, the federal and state claims involve nearly identical facts, witnesses, and evidence because Plaintiff's Unruh Act . . . claims are premised on proving a violation of the ADA. . . . To prove his Unruh Act and CDPA claims, Plaintiff need only make an additional showing of the particular occasions on which he encountered the barrier or was deterred from visiting the market to establish statutory damages. . . .Thus, even though the state-law claims provide for more comprehensive remedies, they do not substantially predominate over the ADA claim because the proof required for both the state and federal claims is nearly identical.

*Castillo-Antonio*, 2019 U.S. Dist. LEXIS 108962, at *7 (internal citations omitted).

### c. This Court Will Have Federal Question Jurisdiction Over Ms. Kellogg Ketroser's ADA Claim.

As to the third instance, while the late-plaintiff's sole federal question jurisdictional claim under the ADA is now moot, Ms. Kellogg Ketroser's own ADA claim creates federal question jurisdiction.

### d. No Exceptional Circumstances Exist to Justify Declining Jurisdiction over the State-Law Claims.

The fourth instance for declining supplemental jurisdiction is if there are "…exceptional circumstances…" which leads to "…other compelling reasons for declining jurisdiction." 28 U.S.C. 1367 (c)(4). The Ninth Circuit has cautioned that declining supplemental jurisdiction based on § 1367(c)(4) should be the exception, not the rule. *See Exec. Software N. Am., Inc. v. U.S. Dist. Court,* 24 F.3d 1545, 1557 (9th Cir. 1994).

This district has found that (c)(4) to be inapplicable to such ADA access cases. *See e.g. Castillo-Antonio v. Hernandez,* LEXIS 108962, at *21 (N.D. Cal. June 28, 2019)("this Court finds…no compelling reason to decline to exercise supplemental jurisdiction over Plaintiff's

state-law claims.")(citing *Johnson v. Morning Star Merced, Ltd. Liab. Co.,* No. 1:18-CV-0558 AWI EPG, 2018 U.S. Dist. LEXIS 157428 (E.D. Cal. Sep. 14, 2018); *Whitaker v. Ohanessian,* No. 19-cv-07183-SK, 2020 U.S. Dist. LEXIS 3021, at *9 (N.D. Cal. Jan. 8, 2020). There is no reason to depart here from the reasoning in *Castillo-Antonio*.

### 2. Judicial Economy, Convenience and Fairness to Litigants Are Not Served by Dismissing the State-Law Claims.

As the Ninth Circuit explained, once the "factual predicate that correspond to one of the section 1367(c) categories…is identified, the exercise of discretion, of course, still is informed by whether remanding the pendent state claims comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness, and comity." *Exec. Software N. Am..* 24 F.3d, at 1557 (internal citations omitted)(overturned on other grounds). In fact, the courts have recognized that judicial economy is the "essential policy behind the modern doctrine of pendent jurisdiction." *Graf v. Elgin, J. & E. R. Co.,* 790 F.2d 1341, 1347 (7th Cir. 1986); *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7, 98 L. Ed. 2d 720, 108 S. Ct. 614 (1988)( "In  deciding whether to extend supplemental jurisdiction over pendent state claims, courts must consider and weigh whether the extension of jurisdiction will serve the principles of judicial economy, convenience and fairness to the litigants, and comity to the states.").

Judges in this district have in the past retained jurisdiction over the state law claims in ADA access cases even after finding the ADA claim to be moot. *E.g. Ramirez v. Fulton Mkt. Place S.C., L.P.,* No. C 15-03793 WHA, 2016 U.S. Dist. LEXIS 114990, at *4 (N.D. Cal. Aug. 26, 2016); *Lerma v. NTT McKee Retail Ctr., LLC,* No. 5:11-CV-02161-LHK, 2011 U.S. Dist. LEXIS 120414, at *17-18 (N.D. Cal. Oct. 18, 2011); *Johnson v. Cala Stevens Creek/Monroe, LLC,* 401 F. Supp. 3d 904 (N.D. Cal. 2019); and *Brown v. HTR Props. LLC,* No. 3:17-cv-00829-WHO, 2017 U.S. Dist., Dkt. 87 (N.D. Cal. July 19, 2018)(dismissing the state law claims would "prolong the litigation and increase the fees since…[Plaintiff] indicated that she would refile in state court…defense counsel's argument convinced me that her motion was a tactic to deny…[Plaintiff] fees...").

1  Here, David B. Ketroser's ADA claim is moot as evidenced by the First Amended
2  Complaint on file with the Court and the Court's Order on Plaintiff's Motion to Substitute. *See*
3  ECF Nos. 23 & 24. However, as previously explained, Ms. Kellogg Ketroser has standing to
4  bring her own ADA claim. Accordingly, the Court would have federal question jurisdiction if
5  Plaintiff is granted leave to file the SAC.

6  The principles of judicial economy, convenience and fairness to litigants are not served
7  by dismissing the state claims in this action. As this Court has already noted, "[I]f [Ms. Kellogg
8  Ketroser]…is allowed to substitute as plaintiff, she will move to file an amended complaint
9  asserting her own federal claim based on **essentially the same circumstances** as those giving
10 rise to Dr. Ketroser's claims." ECF No. 23, 2:21-24. (emphasis added). Courts have routinely
11 found that litigating "…two nearly-identical cases in separate venues—one here and one in state
12 court—is neither convenient, economical, nor fair." *Baker v. Palo Alto University, Inc.*, 2014
13 WL 631452, *2 (N.D. Cal. 2014); *See also Alber v. Ill. Dep't of Mental Health & Developmental*
14 *Disabilities,* 786 F. Supp. 1340, 1345 (N.D. Ill. 1992)("…[J]udicial economy is promoted by a
15 single resolution of all the claims…"); and *Johnson v. Mariani*, No. 17-cv-01628-BLF, 2017
16 U.S. Dist. LEXIS 106203, at *11 (N.D. Cal. July 10, 2017)("…having two proceedings, one in
17 state and one in federal court, to litigate nearly identical cases would be unduly inconvenient and
18 unfair. An exercise of supplemental jurisdiction would also serve the purpose of judicial
19 economy to avoid the wasteful duplication in parallel proceedings.")

20 Moreover, dismissing the state law claims would also be counter to General Order No. 56
21 the purpose of which is to "achieve early compliance with the ADA while minimizing the
22 adversarial litigation process and concomitant fees." *Cullen v. Netflix, Inc.,* No. 1 11-CV-01199-
23 EJD, 2011 U.S. Dist. LEXIS 161896, at *1 (N.D. Cal. May 24, 2011).

24 Accordingly, the Court should choose to continue to exercise supplemental jurisdiction
25 over the state law claims.

**CONCLUSION**

The interests of judicial economy and the public policy favoring grant of leave to amend is not counter balanced by the circumstances of this case where grant of leave to amend would be prejudicial. Consequently, Plaintiff's request for leave to amend her complaint should be granted.

Respectfully submitted,

Dated: 4/2/2020                                                      ALLACCESS LAW GROUP

By: /s/ *Irakli Karbelashvili*
Irakli Karbelashvili, Attorney for Plaintiff DEIDRE KELLOGG KETROSER