ALLACCESS LAW GROUP
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for DEIDRE KELLOGG KETROSER, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEIDRE KELLOGG KETROSER, as Personal Representative of the estate of DAVID B. KETROSER,<br><br>Plaintiff,<br><br>vs.<br><br>7-ELEVEN, INC. et al.,<br><br>Defendants. | Case No. 3:19-cv-05231-MMC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:         May 8, 2020<br>Time:        9:00 a.m.<br>Location:   Courtroom 7, 19th Floor<br>Assigned to:  Hon. Maxine M. Chesney |

**[PROPOSED] ORDER**

Plaintiff Deidre Kellogg Ketroser, Personal Representative of the estate of David B. Ketroser, requests leave to file a second amended complaint to add her own claims for injunctive relief under the ADA and the Unruh Civil Rights Act. For the reasons set forth below, Plaintiff's motion for leave to amend is GRANTED.

Rule 15 of the Federal Rules of Civil Procedure requires that a plaintiff obtain consent of the defendant or leave of court to amend the complaint once the defendant has answered, but "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also, e.g., Chodos v. West Publishing Co.,* 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme liberality"). Leave to amend is thus ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is being sought by the plaintiff in bad faith or with a dilatory motive. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Eminence Capital LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003). A plaintiff may "permissibly challenge all barriers that are related to his or her specific disability." *Chapman v. Pier 1 Imports, Inc.,* 631 F.3d 939, 950-51 (9th Cir. 2011) (quoting *Doran v. 7-11, Inc.,* 524 F.3d 1034, 1047 (9th Cir. 2008)). The proposed SAC alleges claims by Plaintiff, in her individual capacity, for violations of the ADA and the Unruh Civil Rights Act.

Given the early stages of this litigation, Defendants are not unduly prejudiced by the amendment. Further, Defendants failed to establish bad faith on the part of Plaintiff in seeking leave to amend. The Court in its discretion will exercise supplemental jurisdiction over the state-law claim claims being alleged in the proposed SAC.

In light of the foregoing, Plaintiff's motion is GRANTED.  Plaintiff shall file the amended complaint as a separate docket entry within ten (10) days of this order.

**IT IS SO ORDERED.**

Dated: _____

United States District Judge