IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEIDRE KELLOGG KETROSER,<br>   Plaintiff,<br>   v.<br>7-ELEVEN, INC., et al.,<br>   Defendants. | Case No. 19-cv-05231-MMC<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

Before the Court is plaintiff Dierdre Kellogg Ketroser's ("Kellogg Ketroser") "Motion," filed April 2, 2020, "for Leave to File Second Amended Complaint." Defendants have filed opposition, to which Kellogg Ketroser has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' written submissions, VACATES the hearing scheduled for May 8, 2020, and rules as follows:

On August 21, 2019, David B. Ketroser ("Dr. Ketroser") filed the initial complaint in the above-titled action, asserting therein a federal claim for denial of access under the Americans with Disabilities Act ("ADA") and four state law claims for denial of access under California statutes. On November 7, 2019, Dr. Ketroser passed away. Subsequently, by order filed March 13, 2020, the Court allowed Kellogg Ketroser, as Dr. Ketroser's widow and the personal representative of his estate, to substitute as plaintiff in the surviving claims, namely, a claim for damages under the California Disabled Persons Act and a claim for damages under the Unruh Civil Rights Act. In accordance with said order, Kellogg Ketroser filed, on March 22, 2020, an amended complaint reflecting her substitution as plaintiff. Thereafter, she filed the instant motion, whereby she seeks leave to file a Second Amended Complaint

("SAC"), adding in her own name a federal claim for injunctive relief under the ADA and a state law claim for injunctive relief under the Unruh Civil Rights Act. The Court now turns to that motion.

At the outset, the Court notes that, contrary to defendants' characterization of the instant motion as an "effort to manufacture supplemental jurisdiction over the Estate's state law damage claim[s]" (see Opp'n at 1:4-5),[1] the propriety of Kellogg Ketroser's filing her claims in the instant action, rather than in a separate action, does not entail a question of supplemental jurisdiction. As set forth above, the complaint filed by Dr. Ketroser included a federal claim, and although that claim was extinguished by his death, the Court did not lose jurisdiction over his supplemental state law claims after his federal claim was dismissed. See Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) (holding district court has discretion to either retain or decline to exercise jurisdiction over supplemental claims "after dismissing every claim over which it had original jurisdiction"). Accordingly, irrespective of whether Kellogg Ketroser is allowed to amend, the Court has supplemental jurisdiction over Dr. Ketroser's surviving state law claims, i.e., the Estate's claims, and, as Kellogg Ketroser points out, the issue being raised by defendants is one of joinder.

Under Rule 20(a) of the Federal Rules of Civil Procedure, "[p]ersons may join in one action as plaintiffs" where (1) "they assert any right to relief . . . arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all plaintiffs will arise in the action." See Fed. R. Civ. P. 20(a). Rule 20 is to be "construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." See League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977); see also Ortiz v. Potter, No. CV S-08-1326-LKK, 2009 WL 10696492, at *3 (E.D.

---

[1] Defendants do not contend Kellogg Ketroser's state law claim is not supplemental to her federal claim.

1  Cal. May 12, 2009) (holding "first element is met where there is a logical relationship
2  between the claims"; noting "absolute identity of all events is unnecessary") (alteration,
3  internal quotations, and citations omitted).

4  Here, the Court finds joinder is appropriate. The claims of Kellogg Ketroser and
5  the Estate arise out of the same transaction or occurrence, specifically, the same visit to
6  the same public accommodation. (See Proposed SAC ¶ 19.) Although, in light of their
7  differing levels of disability, Dr. Ketroser was, unlike Kellogg Ketroser, unable to enter the
8  store and thus did not face the barriers Kellogg Ketroser encountered once inside, the
9  Estate has standing to challenge the same allegedly noncompliant features that impeded
10 Kellogg Ketroser's access. See Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939,
11 950-51 (9th Cir. 2011) (holding an "ADA plaintiff who has Article III standing as a result of
12 at least one barrier at a place of public accommodation may, in one suit, permissibly
13 challenge all barriers in that public accommodation that are related to his or her specific
14 disability"). Accordingly, the Court finds Kellogg Ketroser has made a sufficient showing
15 as to the existence of common questions of law and fact warranting joinder, namely,
16 whether the challenged features of defendants' premises violate the ADA and the Unruh
17 Civil Rights Act. The Court next turns to defendants' argument that, even if the Court has
18 jurisdiction and joinder is proper, Kellogg Ketroser's proposed amended complaint
19 nonetheless fails.

20 Leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure "should
21 be granted unless amendment would cause prejudice to the opposing party, is sought in
22 bad faith, is futile, or creates undue delay." See Martinez v. Newport Beach City, 125
23 F.3d 777, 785 (9th Cir. 1997), overruled on other grounds by Green v. City of Tucson,
24 255 F.3d 1086 (9th Cir. 2001). Here, defendants argue, Kellogg Ketroser's proposed
25 amended claims lack sufficient facts to plead standing and, consequently, any such
26 amendment would be futile.[2] Even if, as defendants argue, there are deficiencies in the

---

[2] Defendants do not contend Kellogg Ketroser's proposed amendment should be denied on any other ground, and, for the reasons stated by Kellogg Ketroser, the Court

3

proposed pleading, however, defendants have not shown any such arguable deficiency could not be cured by further amendment. See United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011) (holding, "[u]nder futility analysis," leave to amend "is warranted if the deficiencies can be cured with additional allegations that are consistent with the challenged pleading and that do not contradict the allegations in the original complaint" (internal quotation and citation omitted)).  Accordingly, defendants have failed to show Kellogg Ketroser's motion to file her proposed amended complaint should be denied on grounds of futility.

## CONCLUSION

For the reasons stated above, Kellogg Ketroser's Motion for Leave to File Second Amended Complaint is hereby GRANTED.  No later than May 5, 2020, Kellogg Ketroser shall file, as a separate document, her proposed Second Amended Complaint.

**IT IS SO ORDERED.**

Dated: April 29, 2020

MAXINE M. CHESNEY
United States District Judge

---

finds (1) the proposed amendment would not prejudice defendants (see Mot. at 6); (2) there was no delay in Kellogg Ketroser's moving to amend (see id. at 7:1-8); and (3) the amendment is not sought in bad faith (see id. at 7:9-15).