1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    DEIDRE KELLOGG KETROSER,              Case No.  19-cv-05231-MMC

8                    Plaintiff,

9           v.                            **ORDER DENYING MOTION FOR
                                          LEAVE TO FILE SECOND**
10   7-ELEVEN, INC., et al.,              **SUPPLEMENTAL THIRD AMENDED
                                          COMPLAINT**
11                   Defendants.

12

13          Before the Court is plaintiff Deidre Kellogg Ketroser's ("Ketroser") motion, filed

14   November 14, 2022, for "Leave to File a Second Supplemental Third Amended

15   Complaint."  Defendants 7-Eleven, Inc. and Southland Corp. (collectively, "7-Eleven")

16   have filed opposition, to which Ketroser has replied.  Having read and considered the

17   papers filed in support of and in opposition to the motion, the Court deems the matter

18   suitable for determination on the parties' respective written submissions, VACATES the

19   hearing scheduled for January 17, 2023, and rules as follows.

20          Ketroser, an individual who requires a walker and cane for mobility, sues for

21   disability discrimination in connection with access barriers she encountered when visiting

22   a 7-Eleven store in San Ramon, California in December 2018 and February 2019.  In the

23   operative complaint, the "Supplemental Third Amended Complaint" ("STAC"), Ketroser

24   asserts causes of action under the Americans with Disabilities Act of 1990 ("ADA") and

25   the Unruh Civil Rights Act ("Unruh Act"), which causes of action, as relevant to the instant

26   motion, are based on an alleged excessive operating pressure as to the exterior doors

27   and alleged obstruction of the interior path of travel, namely, interior aisles.

28          On November 7, 2022, a bench trial commenced as to the door and aisle claims,

United States District Court
Northern District of California

United States District Court
Northern District of California

1   at which time the Court took evidence over the course of three days, with closing

2   arguments scheduled for hearing on January 17, 2023.

3   By the instant motion, Ketroser seek leave to file, pursuant to Federal Rule of Civil

4   Procedure 15(b) and (d), a Second Supplemental Third Amended Complaint "("SSTAC"),

5   which proposed pleading contains new allegations pertaining to the door and aisles,

6   based on a visit to the subject premises she made on November 5, 2022.  See Fed. R.

7   Civ. P. 15(b)(2) (providing "[w]hen an issue not raised by the pleadings is tried by the

8   parties' express or implied consent, it must be treated in all respects as if raised in the

9   pleadings"); Fed. R. Civ. P. 15(d) (providing "[o]n motion and reasonable notice, the court

10  may, on just terms, permit a party to serve a supplemental pleading setting out any

11  transaction, occurrence, or event that happened after the date of the pleading to be

12  supplemented").

13  **1.      Exterior Door**

14  With respect to the door claim, 7-Eleven, after the close of discovery, was

15  permitted to offer evidence as to mootness, namely, evidence pertaining to 7-Eleven's

16  installation of an automatic door, see Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905

17  (9th Cir. 2011) (holding "a defendant's voluntary removal of alleged barriers prior to trial

18  can have the effect of mooting a plaintiff's ADA claim"), and, in light thereof, Ketroser was

19  permitted to offer both her own testimony and that of her expert as to their observations,

20  made after the close of discovery, bearing on 7-Eleven's asserted remediation efforts.  All

21  said relevant evidence will be considered by the Court in determining the issues raised as

22  to the door.  Consequently, no amendment or supplement of either party's pleading,

23  whether under Rule 15(b) or Rule 15(d), is necessary in that regard, and to permit such

24  changes to the pleadings at this stage would only serve to an add an unwarranted layer

25  to an already complex procedural background.

26  **2.      Interior Aisles**

27  At the outset, to the extent Ketroser relies on Rule 15(b) with respect to her aisle

28  claim, the Court finds unpersuasive Ketroser's argument that the barriers she

encountered during her November 5 visit were "tried by the parties' express or implied consent," such that her testimony regarding said visit should be "treated in all respects as if raised in the pleadings." (See Mot. at 2:25-3:8.) Contrary to Ketroser's contention, 7-Eleven did not expressly or impliedly consent to the trying of barriers beyond those identified in the STAC, and, indeed, both pretrial and at trial, objected to the introduction of evidence as to such barriers. See 6A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1493 (3d ed. 2022) (noting "when a party has objected to the introduction of evidence on a new issue, the opposing party cannot later seek to amend the pleadings to conform to the evidence on the ground that the party impliedly consented to the trial of that issue").

Ketroser fares no better under Rule 15(d). Although district courts have "broad discretion" in deciding whether to permit supplemental pleadings, see Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988), such pleadings "cannot be used to introduce a separate, distinct, and new cause of action," see Planned Parenthood v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation and citation omitted), or to support an existing claim with new evidence where the offer of such evidence is "undu[ly] delay[ed]" or its introduction would be unduly "prejudice[ial] to the opposing party," see Athena Feminine Techs. Inc. v. Wilkes, No. C 10 4868 SBA, 2013 WL 450147, at *2 (N.D. Cal Feb. 6, 2013).

Here, irrespective of whether Ketroser is seeking to supplement for the purpose, on the one hand, of asserting new claims, or, on the other hand, the purpose of supporting existing claims, the Court finds she unduly delayed in acquiring such new evidence and, of particular importance, that it would be unduly prejudicial to 7-Eleven to be required to address it at such late stage of the litigation, literally months after the close of fact and expert discovery and five days after the defense rested its case. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2001) (noting prejudice "carries the greatest weight" in assessing whether to allow amended pleadings). Unlike its defense to the door claim, 7-Eleven, in disputing the aisle claim, made no attempt to introduce evidence obtained after the close of discovery. If Ketroser,

3

1   in prosecuting her aisle claim, thought it advisable to introduce additional evidence of

2   continued inaccessibility, she or her expert could have visited the subject premises during

3   the discovery period and disclosed that evidence before the close of discovery.

4         Accordingly, Ketroser's motion for leave to file a Second Supplemental Third

5   Amended complaint is hereby DENIED.

6         **IT IS SO ORDERED.**

8   Dated: December 22, 2022

MAXINE M. CHESNEY
United States District Judge